KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMANDA A. HARMON, ESQ.
Nevada Bar No. 15930
SEAN HOEFFGEN, ESQ.
Nevada Bar No. 6682
**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd., Suite C-106
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amandah@kevinrhansen.com
*Attorneys for Defendant*
*Eric Bender*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SAFETY NATIONAL CASULTY CORP.,<br><br>               Plaintiff,<br><br>vs.<br><br>ERIC G. BENDER, an Individual, OWEN HUNNEL, an Individual; and XAVIER SUMMERS, an Individual,<br><br>               Defendants. | Case No.:  2:23-cv-00437-CDS-VCF<br><br><br>**DEFENDANT ERIC G. BENDER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Comes now, Defendant ERIC G. BENDER, by and through his counsel of record, KEVIN R. HANSEN, ESQ., AMANDA A. HARMON, ESQ., and SEAN HOEFFGEN, ESQ., of the Law Offices of Kevin R. Hansen; and hereby files his Opposition to Plaintiff Safety National Casualty Corp.'s Motion for Summary Judgment. Coverage must be afforded to Defendants Hunnel and Summers for payment of Bender's damages. Findings of Fact and Conclusions of Law following a Bench Trial in the related state court case held Hunnel and Summers jointly and severally liable to Bender for Negligence and other causes of action and granted Bender a seven-figure award. The Plaintiff in this matter is collaterally estopped from re-litigating these issues and thus, summary judgment in Plaintiff's favor is not warranted.

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1    This Opposition is based upon the attached Points and Authorities, all the filings submitted

2    to date in this action, and any oral argument which is allowed at the time of hearing of this motion.

3    DATED this 20th day of March 2024.

4                                    LAW OFFICES OF KEVIN R. HANSEN

5                                    */s/ Sean Hoeffgen, Esq.*
6                                    Kevin R. Hansen, Esq.
                                     Nevada Bar No. 6336
7                                    Amanda A. Harmon, Esq.
                                     Nevada Bar No. 15930
8                                    Sean Hoeffgen, Esq.
                                     Nevada Bar No. 6682
9                                    2625 S. Rainbow Blvd., Ste. C-106
                                     Las Vegas, Nevada 89146
10                                   *Attorneys for Defendant Eric G. Bender*

11                          **MEMORANDUM OF POINTS AND AUTHORITIES**

12   **I.      INTRODUCTION**

13        This is a declaratory judgment action arising from an underlying personal injury lawsuit

14   brought by Eric G.   Bender (hereinafter "Bender") for injuries sustained after he was shot by

15   Defendants Owen Hunnel and Xavier Summers (hereinafter, "Hunnel" and "Summers").  Plaintiff

16   Surety National's failure to defend and indemnify Hunnel and Summers has resulted in a seven-

17   figure judgment entered against both Hunnel and Summers individually in the underlying

18   personal injury lawsuit (the "Underlying Lawsuit.")

19

20        Plaintiff Surety National Casualty Corp. alleges it does not have any coverage obligations

21   to Bender or to Hunnel and Summers for the Underlying Lawsuit. Defendant Bender disputes

22   Plaintiff's allegations. Plaintiff Surety National's Complaint asserts factual allegations which are

23   in dispute and are relevant to the interpretation of whether coverage is available for Hunnel and

24   Summers. In bringing this declaratory judgment action, all parties are entitled to perform

25   discovery as outlined in the applicable scheduling order filed in this case, including disclosure of

26   expert witnesses.

27

28

2

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case, the Underlying Lawsuit, and a current Court of Appeals matter all relate to an August 27, 2021, incident where Hunnel and Summers, wearing Wendy's uniforms and while on the clock at Wendy's, shot and severely injured Defendant Bender. The procedural history is ongoing, complex and is relevant in this action for declaratory judgment.

On June 21, 2022, Bender filed the Underlying Lawsuit in Nevada State Court against Hunnel and Summers and WeNevada, LLC d/b/a Wendy's, alleging Negligence, Assault, Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Respondeat Superior and Negligent Supervision.

On September 24, 2022, the state Court entered an Order dismissing WeNevada, LLC, d/b/a Wendy's from the Underlying Lawsuit. After certification of that order for immediate appeal, on February 22, 2023, Bender filed an appeal of the Court's order dismissing WeNevada addressing issues of whether the employer (Wendy's) will be held liable for the conduct of Hunnel and Summers. That appeal has been briefed by the parties and is awaiting a decision from the Nevada Court of Appeals.  The remaining defendants, Hunnel and Summers, have litigated to conclusion and to trial as set forth below.

On March 23, 2023, Plaintiff Safety National filed its Complaint for Declaratory Judgment seeking a declaration that it does not have any coverage obligations to any of the parties related to the Underlying Lawsuit. This case has not yet been heard by the Court.

On November 28, 2023, the state court conducted a bench trial in the Underlying Lawsuit. On December 14, 2023, the state court entered Findings of Fact and Conclusions of Law holding Hunnel and Summers jointly and severally liable to Bender for Negligence and other causes of action. Bender was awarded a total judgment of $1,896,591.44 with interest against Hunnel and

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

Summers.

The damage by the insurance company against Hunnel and Summers has already been done. Plaintiff Surety National's failure to defend and indemnify Hunnel and Owens has resulted in a seven-figure judgment entered against them personally in the Underlying Lawsuit. Bender, as the judgment creditor, is now the real party in interest to the decision of this Court as to whether it deems Plaintiff immune from coverage obligations. Discovery in this matter is warranted and must be allowed, including the utilization of expert witnesses.

### III.    STATEMENT OF FACTS

**Defendant does not dispute the following facts as alleged by Plaintiff in its Motion for Summary Judgment:**

1.     On or about August 27, 2021, Bender was a patron at a Terrible Herbst gas station located 1101 W. Sunset Road, Henderson, NV 89104.  The Defendants Hunnel and Summers were working at Wenevada, LLC ("Wendy's"), located at 1131 W. Sunset Road, Henderson, NV 89104.  They then left Wendy's and walked to a Terrible Herbst Gas station located next door at 1101 W. Sunset Road, Henderson, NV 89014.  Shortley thereafter, they attacked Bender, and he was shot with a firearm.

2.     At 1:12 p.m., the police received a phone call reporting the shooting.  Hunnel and Summers were later charged with attempted murder and battery.  Summers was convicted of assault with a deadly weapon and Hunnell was convicted of battery with the use of a deadly weapon.

3.     On or about June 21, 2022, Bender filed a lawsuit against Wenevada LLC, d/b/a Wendy's, and Owen Hunnel and Xavier Summers in Clark County District Court, Case No. A-22-854381-C ("Underlying Lawsuit").

4

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

4.      The causes of action pled against Hunnel and Summers were for negligence, assault, batter, intentional infliction of emotional distress, and negligent infliction of emotional distress.

5.      On or about September 24, 2022, the Court in the Underlying Lawsuit granted Wendy's Motion to Dismiss.  On or about February 22, 2023, Bender filed his Notice of Appeal, and the matter is currently pending before the Nevada Court of Appeals.

**The following facts, as asserted by Plaintiff, are disputed, in whole or in part, as discussed below:**

6.      Plaintiff alleges that Hunnel and Summers signed a Wendy's Anti-Violence and Threats in the Workplace Policy.  **This fact is in dispute.**  The forms attached to the Plaintiff's Motion show a proposed electronic signature of Hummel and Summers, but it has not provided said forms with their actual signature.  Bender has not had the opportunity to depose anyone from Safety National Casualty regarding their investigation into the claim submitted to them by Wendy's and to determine the veracity of the documents provided by Wendy's.  Pursuant to FRCP 56(d), the Plaintiff's Motion for Summary Judgment should be denied as it is premature.  To date, Bender has attempted to set a deposition of a person most knowledgeable from Plaintiff and has submitted two sets of written discovery to the Plaintiff.  However, Plaintiff has refused to provide any meaningful discovery responses to Bender's first set of written discoveries and has not received any responses to his second set of written discoveries.  Furthermore, Plaintiff's counsel has refused to provide a Rule 30(b)(6) witness on any topic whatsoever.  (**See Exhibit A** - Letter from Counsel in response to Bender's Notice of Taking Deposition pursuant to NRCP 30(b)(6)).

7.      Plaintiff alleges that Hunnel and Summers clocked out of their shifts at Wendy's before leaving the premises and entering the adjacent gas station where they attacked Bender.

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

**This fact is in dispute.**  The Edited Punches Report provided by Wendy's shows that Hunnel's and Summer's original shifts for August 27, 2021, would have them clocking out long after the time of the incident.  (**See Exhibit B** – Edited Punches Report provided by Wendy's).  A closer review of the timecards shows that "time out" for both Hunnel and Summer was edited by Wendy's Manager La'Nia Stewart Bender, showing they clocked out at 1:00 p.m. instead of the originally scheduled shift end.  This fact is in dispute and is a material fact in this case.  Bender has attempted to set a Rule 30(b)(6) deposition, but Plaintiff's counsel has continuously denied Bender the opportunity to do such a deposition.  (**See Exhibit C** - Declaration of Sean Hoeffgen, Esq.)  Bender should be provided with the opportunity to depose someone most knowledgeable from Safety National Casualty Corp. to determine what steps the insurance company took to determine the veracity of the time sheets provided by Wendy's.

8.     Plaintiff alleges that Hunnel's and Summers' conduct was not an accident and thus not an occurrence giving rise to coverage under the policy.  **This fact is in dispute.**  Whether or not the incident at issue in the Underlying Lawsuit constituted an "occurrence" under the subject policy is a fact in dispute.  Bender's retained expert, Paul Burkett, opined that "the actual bodily injuries to Mr. Bender on August 27, 2021, caused by Wendy's employees triggered the Coverage A - Insuring Agreement" under the subject policy.  (*See* Mr. Burkett's expert report, ECF 29-3 P. 7 ¶ 20.)

9.     Plaintiff alleges that the Policy does not provide coverage under Coverage A – Bodily Injury and Property Damage Liability because Hunnel and Summers were not engaged in acts within the scope of their employment or performing duties related to the conduct of Wendy's business at the time of the assault.  **This fact is in dispute.**  The evidence produced in this matter shows quite the opposite – in fact, the Shooter Defendants *were clocked in* at the time of the

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

shooting. Bender asserts that Defendants Hummel and Summers were working and were wearing their Wendy's uniforms when they approached Bender at the time of the incident. (See **Exhibit D**- Declaration of Eric G. Bender). Expert Burkett will present expert witness testimony on this issue to assist the trier of fact in determining whether they were working at the time of the incident.

10.    Plaintiff alleges that coverage is not afforded to Hunnel and Summers for the Underlying Lawsuit because their intentional actions preclude them from qualifying as insureds under the Safety National Policy. **This fact is in dispute. A ruling that the Shooter Defendants were negligent has already been entered in the related State Court action after a bench trial.** The Plaintiff cites *Capitol Indemnity Co. v. Wright*, 341 F. Supp.2d 1152 (D. Nev. 2004) as a basis for denying coverage for Hunnel and Summers for their intentional acts. In its Motion for Summary Judgment, the Plaintiff also cites *Liberty Ins. Underwriters Inc. v. Scudier*, 52 F. Supp. 3d 1308 (D. Nevada 2013) in support of its contention that intentional torts/acts committed by insured's employee do not qualify the employee as insured for purposes of coverage.

This case is distinguished from the holdings in *Wright* and *Scudier* in that Hunnel and Summers were found liable to Bender based on their negligent acts that resulted in injuries to Bender. This finding was made by the state court in the Underlying Lawsuit after a bench trial was conducted on the merits. The judgment entered against Hunnel and Summer was not a default judgment but was entered after a trial where witnesses were called to testify, and evidence was presented to the court for its review and consideration. (**See Exhibit E** – Findings of Fact, Conclusions of Law and Judgment After Bench Trial).

Bender received a judgment based on several causes of action, including negligence, and the Plaintiff is barred from claiming that the injuries sustained by Bender were solely based on an intentional tort. The United States Supreme Court has "consistently emphasized the

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

importance of the related doctrines of *res judicata* and collateral estoppel in fulfilling the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Kremer v. Chem. Const. Corp.* 456 U.S. 461 91982), <u>citing</u>, *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of *res judicata* precludes parties or their *privities* (emphasis added) from relitigating *claims* that were or could have been raised in a prior action resulting in a final judgment on the merits. *Id.*

The doctrine of *res judicata*, or claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), *citing*, *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (internal quotation omitted). "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).

Three elements must be met for the doctrine of claim preclusion to apply. There must be (1) an identity of the claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *Id.* To determine whether there is an identity of claims between the first and second adjudication, the court examines whether the two suits arise out of the same transactional nucleus of facts. *Fran v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).

Here, the identity of the claims is whether Hunnel and Summers' conduct that resulted in injuries to Bender was due to negligence. In the Underlying Lawsuit, a trial was conducted, and the Court ruled on the merits that they were negligent in causing injuries to Bender. The Court's judgment was final and based on the merits. There was sufficient privity between the Plaintiff and the Defendants Bender, Hunnel, and Summers, as Plaintiff had the opportunity to tender

8

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

defense for Hunnel and Summers and participate in the Underlying Lawsuit; however, Plaintiff refused to do so, and it cannot now come into this Court to relitigate the claim that Hunnel and Summers conduct was not negligent.

No meaningful discovery has been conducted in this case thus far. Bender has propounded discovery to the Plaintiff on these issues and the Plaintiff has refused to provide any meaningful discovery responses. Plaintiff has denied Bender the opportunity to take a Rule 30(b)(6) deposition of someone most knowledgeable from Safety National Casualty to discuss this topic of what investigations were made into determining the incident is excluded from coverage under the policy. Pursuant to NRCP 56(d), the Court should make the determination that instant Motion for Summary Judgment is premature and order the parties to participate in discovery in good faith.

11.    Plaintiff alleges that the Safety National Policy expressly limits an employee's qualification of potential coverage as an insured to only "acts within the scope of their employment by [Wendy's] or while performing duties related to the conduct of [Wendy's] business." **This fact is in dispute.** The Plaintiff cites *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308 (D. Nev. 2013) in support of its assertion that Hunnel and Summer were acting outside of the scope of their employment or while performing duties related to the conduct of their employer's business.

This case is distinguished from *Liberty*. The employee in that case was found liable solely for intentional torts or acts and the *Liberty* court determined that it was outside the scope of his employment. Here, Hunnel and Summer were found liable for **negligence** in the Underlying Lawsuit while working for Wendy's. Hunnel and Summers were still on the clock and in uniform at the time of the incident. Hunnel and Summers were on the clock and were wearing their Wendy's uniforms when they approached Bender at the time of the incident. Expert Burkett will

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

present expert witness testimony on this issue to assist the trier of fact in determining whether they were working at the time of the incident. Under NRS 41.130, an employer is liable to the person who was injured by its employee.

12. Plaintiff alleges that further evidence that Hummel's and Summer's conduct was clearly not within the scope of employment is contained in express prohibitions both Defendant's signed as a condition of employment. **This fact is in dispute.** The forms attached to the Plaintiff's Motion show a purported electronic signature of Hummel and Summers, but it has not provided any proof to authenticate the signatures. Bender has not had the opportunity to depose anyone from Safety National Casualty regarding their investigation into the claim submitted to them by Wendy's and to determine the veracity of the documents provided by Wendy's. Pursuant to FRCP 56(d), the Plaintiff's Motion for Summary Judgment should be denied as it is premature. To date, Bender has attempted to set a deposition of a person most knowledgeable from Plaintiff and has submitted two sets of written discovery to the Plaintiff. However, Plaintiff has refused to provide any meaningful discovery responses to Bender's first set of written discoveries and has not received any responses to his second set of written discoveries. Furthermore, Plaintiff's counsel has refused to provide a Rule 30(b)(6) witness on any topic whatsoever.

13. Plaintiff alleges that Hummel and Summers were not on the clock at the time of the battery. **This fact is in dispute and the contrary is supported by evidence on the record in this matter.** As stated above, the Edited Punches Report provided by Wendy's shows that Hunnel's and Summer's original shifts for August 27, 2021, would have them clocking out much later after the time of the incident. (**See Exhibit B** – Edited Punches Report provided by Wendy's). However, a closer review shows that time out for both Hunnel and Summer were edited by Wendy's Manager La'Nia Stewart Bender, showing that they clocked out at 1:00 p.m.

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

instead.   The time sheets attached to the Plaintiff's Motion have not been verified by any declaration, affidavit or deposition testimony to determine the foundation of said document. There has been no evidence shown that this document is part of Wendy's customary business forms, there is no one brought forth to testify that the document was prepared in accordance with Wendy's policies and procedures, and there has been no chain of custody establish to show that it has not been altered, modified or changed in any manner.  Bender has not had the opportunity to depose anyone from Safety National Casualty regarding their investigation into the claim submitted to them by Wendy's and to determine the veracity of this document provided by Wendy's.   Pursuant to FRCP 56(d), the Plaintiff's Motion for Summary Judgment should be denied as it is premature for the reasons stated above about the Plaintiff's unwillingness to participate in meaningful discovery.

14.    Plaintiff alleges that no one could reasonably conclude that Hunnel's and Summers's conduct was anything but purely personal.  **This fact is in dispute.**  This is a matter of opinion and is certainly an issue for a trier of fact to determine whether a reasonable person could conclude that Hunnel's and Summer's actions were based on a purely personal reason. Without meaningful discovery, the parties are in no position to determine the motivations of Hunnel and Summers.  Further, the motivations of Hunnel and Summers are completely irrelevant as their actions have already been determined negligent by the state court.

15.    Plaintiff alleges that under Nevada law, no coverage exists for intentional batteries as they do not qualify as accidental occurrences.  **This fact is in dispute.**  Expert Burkett opined that Plaintiff has the burden of proof to show that the action taken by Hunnel and Summers was expected and intended.  *Id.* at p. 7 ¶ 21.  Plaintiff has made no attempts to offer proof showing such as it has engaged in virtually no discovery.  Plaintiff argues that Hunnel and Summers were

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

not on the clock and thus, no occurrence happened and there should be no coverage allowed. Bender should be able to conduct meaningful discovery with the Plaintiff and to present expert witness testimony on these issues to assist the trier of fact in its coverage determination.  As stated above, a Wendy's manager edited the time sheets to reflect that Hunnel and Summer clocked out. Bender contends that Hunnel and Summers were on the clock and working for Wendy's at the time of the incident and their actions had been determined to be negligent based on the state court's judgment in the Underlying Lawsuit.

16.    Plaintiff alleges that even if the shooting of Bender could be considered an "occurrence", coverage would still not be afforded to Hunnel and Summers for the Underlying Lawsuit because their intentional actions are precluded under the Policy's intentional actions exclusion.  **This fact is in dispute.**  The Court must decide if the exclusionary provision clearly and unambiguously bars coverage for Bender's injuries.  *Allstate Ins. Co. v. Sanders* 495 Supp. 2d 1104, 1109.  This policy provision is ambiguous, and that further discovery is needed to address this issue.  In the Underlying Lawsuit, both Hunnel and Summers were found negligent for causing injuries to Bender as a result of the incident.  Furthermore, Expert Burkett will provide testimony on this issue to assist the trier of fact in determining the applicability of this policy provision.

17.    Plaintiff alleges that the bodily injury suffered by Bender was expected or intended from the standpoint of the insured and thus, this insurance does not apply.  **This fact is in dispute.** Expert Burkett opined that Plaintiff has the burden of proof to show that the action taken by Hunnel and Summers was expected and intended.  *Id.* at p. 7 ¶ 21.  Plaintiff has made no attempts to offer proof showing such as it has engaged in virtually no discovery.  Plaintiff argues that Hunnel and Summers were not on the clock and thus, no occurrence happened and there should

be no coverage allowed. Bender should be able to conduct meaningful discovery with the Plaintiff and to present expert witness testimony on these issues to assist the trier of fact in its coverage determination.

## IV.    LEGAL STANDARD

Summary judgment is ***only*** proper where "the pleadings the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) [emphasis added.] The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). This burden is only discharged through the submission of admissible evidence in support of the claimed basis for relief. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Moreover, "at the summary judgment stage the judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Id.* at 256.

***This case is greatly distinguished from the cases which establish the summary judgment standard.*** In *Anderson*, considerable discovery took place prior to the motion for summary judgment was filed. Here, there has been essentially no discovery produced by the Plaintiff. The Plaintiff has not provided any meaningful answers to interrogatories or to Defendant's requests

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

13

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

for production of documents. No depositions have been allowed by the Plaintiff.  The Plaintiff has failed to show that there are no material issues of fact in its motion for summary judgment. In its motion, it has referenced alleged facts that are in dispute.  Examples are whether Hunnel and Summers were clocked out at the time of the incident and whether they received and signed Wendy's policy regarding violence and safety in the workplace.  These facts are in dispute by Bender. If any meaningful discovery were to take place, that evidence would come forth in support of his position that there exist material facts for a trier of fact to consider.

The petitioner in *Celotex* case filed its motion for summary judgment after discovery was complete.  The Court's holding in *Celotex* in granting summary judgment is distinguished from the instant case in that there here, no meaningful discovery has been conducted.  The Plaintiff has refused to respond or to provide meaningful responses.  The Court in *Celotex* stated that a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file."  *Id.* at 325.  There have been no depositions, answers to interrogatories or other responses from the Plaintiff to the two sets of discovery propounded by Defendant Bender.

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *See Progressive Cas. Ins. Co. v. Delaney*, 2012 WL 3598274, at *1 (D. Nev. Aug. 20, 2012).  The *Delaney* court held that summary judgment is appropriate *only* (emphasis added) when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.* at *2.  As stated above, there has been no meaningful discovery conducted in the instant case.

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

**V.    ARGUMENT**

**a.    Summary Judgment is Precluded Because Genuine Issues of Material Fact Exist as to Whether the Shooter Defendants' Actions Which Injured Bender are Covered Under the Subject Policy.**

Summary judgment is not warranted in this matter as genuine issues of material fact exist as to whether Hunnel and Summers (the "Shooter Defendants") should be afforded coverage under the Subject Policy for their actions which caused Bender injuries. The Plaintiff's main arguments in its Motion for Summary Judgment are that the Shooter Defendants' actions exclude them from qualifying as insureds under the Subject Policy, the Shooter Defendants' actions do not constitute an "occurrence" giving rise to coverage under the policy, and the Shooter Defendants' actions are excluded from coverage by the expected or intended injury exclusion. Defendant Bender has largely addressed and disputed these assertions above in his statement of disputed facts but reasserts the most important issue here: **the Shooter Defendants were already found liable to Bender based on their negligent acts by a finder of fact after a bench trial in the state court.**

The genuine issue of material fact is that Hunnel and Summers were found liable for negligence in causing injuries to Bender after a bench trial was conducted in the state court. Their liability was not established by default judgment, but rather after a full-blown bench trial on the merits of Bender's claims of negligence. This material fact establishes an essential element of Bender's claim that there should be insurance coverage for his injuries.

The Plaintiff asserts that its duty to indemnify is contractual and is not subject to equitable considerations, but "rather it is enforced in accordance with the terms of the contracting parties' agreement." *See United Rental Hwy. Techs. v. Wells Cargo*, 289 P.2d 221, 226 (Nev. 2012). The instant case is distinguished from this holding because Hunnel and Summers have been found

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

liable for Bender's injuries on several causes of action, including negligence.   They were employees of Wendy's at the time of the incident and were on the clock wearing Wendy's uniforms at the time of the incident.   **The subject insurance policy in this case has no exclusions for the negligent acts of its insured and or its employees**.

The Plaintiff cites *Liberty Ins. Corp. v. Brodeur*, 462 F. Supp. 3d. 1092, 1098 (D. Nev. 2020), which held that an insured bears the burden of proving that the claim for which coverage is sought falls within the policy's coverage.   *Brodeur* is not applicable in this case because the finding of negligence falls within the Plaintiff's policy coverage as there are no exclusions for negligent conduct of the insured's employees Hunnel and Summers.

In its Motion for Summary Judgment, the Plaintiff states that Nevada District Courts have held that an employee who commits intentional torts/acts does not qualify as an insured and is not entitled to coverage.   *Capitol Indemnity Co. v. Wright*, 341 F. Supp.2d 1152 (D. Nev. 2004). In *Wright*, one of the employees forged the signature of a resident and "bilked" the elderly resident out of almost half of a million dollars. *Id.* at 1154.   The Court ruled that no coverage was afforded to the insured's employee for the intentional torts he committed against the resident.   The Court held: "[The insurer] is correct that the policy affords [the employee] no coverage for damages arising from his conduct as an employee or agent of the corporation." *Id*. at 1157.   The Court reasoned that the employee was not acting within the scope of his employment or performing duties related to the conduct of the employer's business while engaged in his criminal conduct and was thus not within the definition of "an insured." *Id.* at 1157.   The Court further stated that the intentional criminal acts of the employee were not within the definitional scope of "an insured". *Id.* at 1157.

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

Here, Bender received a judgment for negligence against Hunnel and Summers after a bench trial on the merits, and pursuant to collateral estoppel, the Plaintiff is prohibited from claiming that the injuries sustained by Bender were solely based on an intentional tort.   The United States Supreme Court has "consistently emphasized the importance of the related doctrines of *res judicata* and collateral estoppel in fulfilling the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Kremer v. Chem. Const. Corp.* 456 U.S. 461 91982), <u>citing</u>, *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The doctrine of *res judicata* precludes parties or their *privities* (emphasis added) from relitigating *claims* that were or could have been raised in a prior action resulting in a final judgment on the merits. *Id.*

**<u>The Shooter Defendants' actions have been deemed negligent after a bench trial on the merits. This issue cannot be relitigated under the doctrine of *res juticata*.</u>** The doctrine of *res judicata*, or claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001), *citing*, *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (internal quotation omitted).  "Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).

Three elements must be met for the doctrine of claim preclusion to apply.  There must be (1) an identity of the claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *Id.*  To determine whether there is an identity of claims between the first and second

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1   adjudication, the court examines whether the two suits arise out of the same transactional nucleus

2   of facts. *Fran v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).

3       Here, the identity of the claims is whether Hunnel and Summers conduct that resulted in

4   injuries to Bender was due to negligence. In the Underlying Lawsuit, a trial was conducted, and

5   the Court ruled on the merits that they were negligent in causing injuries to Bender. The Court's

6   judgment was final and based on the merits. Bender further asserts that there was sufficient

7   privity between the Plaintiff and the Defendants Bender, Hunnel, and Summers, as it had the

8   opportunity to tender defense for Hunnel and Summers and participate in the Underlying Lawsuit.

9   However, it refused to do so it cannot now come into this Court to relitigate the claim that Hunnel

10  and Summers conduct was not negligent.

11      Hunnel and Summers, while wearing Wendy's uniforms and still clocked in for their

12  shifts, caused injuries to Bender through their negligent conduct and were acting within the scope

13  of their employment. This is a material fact in dispute which precludes summary judgment.

14      The Plaintiff next contends that under Nevada Law, intentional acts do not qualify as

15  accidental occurrences and cites *Allstate Ins. Co. v. Bruttig*, 2:05-cv-10257 at *3 (D. Nev. Nov.

16  2, 2006) in support of this contention. Under collateral estoppel, Plaintiff cannot relitigate the

17  issue and claim that Hunnel's and Summer's conduct was solely based on an intentional battery.

18  *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713. In the Underlying

19  Lawsuit, the judgment on the merits found Hunnel and Summers liable on several grounds which

20  included negligence and negligent infliction of emotional distress. Therefore, *Allstate Ins. Co. v.*

21  *Bruttig* is distinguished from the facts in this case.

22      The Plaintiff cites several more Nevada District Court cases wherein the Court determined

23  that there was no coverage for insureds' intentional acts under the insurance policy. What

18

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

distinguishes those cases from the instant matter is that the act that gave rise to the insurance claim against Plaintiff was found to have been an act of negligence in the Underlying Lawsuit. Therefore, Plaintiff is barred from relitigating the issue whether Hunnel's and Summer's acts were solely based on an intentional act pursuant to collateral estoppel and *res judicata*. *Id.*

The Plaintiff further cites a Nevada case wherein the Court determined that an occurrence does not include intentional conduct. *See Hansen v. State Farm Mut. Auto. Ins. Co.*, 2:10-cv-1434 LEXIS 176056 at *21 (D. Nev. Dec. 12, 2012). This case is distinguished from the instant case as there was no trial on the merits in that case. Rather, there was an assignment of first party rights from the insured to the original plaintiff and a stipulated judgment was entered in the original state court action. Furthermore, the Court in the state action held that all the claims asserted unrelated to the use of a motor vehicle required intent or willful conduct. In contrast, the judgment in the Underlying Lawsuit found that Hunnel's and Summer's conduct was based on negligence, after a bench trial was conducted on the merits. Thus, the ruling in *Hansen* should have no bearing in this case.

In *Liberty Ins. Corp. v. Hohman*, 2:21-cv-1622 LEXIS 91622 at *12 (D. Nev. May 2023), the Court held that "injuries do not qualify for coverage when the circumstances giving rise to the injury are created intentionally." The *Hohman* is distinguished from this case as the incident which is the subject matter of this case a trier of fact could determine that the incident was unexpected, unforeseeable and unintended. As stated above, the judgment on the merits in the Underlying Lawsuit determined that Hunnel's and Summer's acts were negligent. Plaintiff had the opportunity in the Underlying Lawsuit to defend Hunnel and Summer with a reservation of rights in the lawsuit and to challenge the Court's finding of liability based on negligence.

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

The Plaintiff cites other cases where the court held that there was no coverage due to the intentional act exclusions. Based on those court holdings, the Plaintiff asserts that it is undisputed that Hunnel's and Summer's acts are intentional. Here, the opposite is true. This fact is in dispute based on the judgment on the merits in the Underlying Lawsuit that determined that they are liable to Bender for their negligence in causing injuries to Bender.

Application of the foregoing standards in view of the record before the Court demonstrates that summary judgment is unwarranted and thus, Plaintiff's Motion should be denied in full.

**b.** **Surety National's Complaint asserts alleged facts which are in dispute and Bender is entitled to conduct discovery and provide expert testimony to assist the trier of fact in its assessment of the facts in this matter.**

The parties must be allowed to present expert witness testimony, written discovery and deposition transcripts to assist the trier of fact in its assessment of this matter. Plaintiff asserts that there are no questions of fact present in this matter and thus, are entitled to an order granting its Motion for Summary Judgment.

It is impossible to apply the language of the subject insurance policy to the facts at issue in the Underlying Lawsuit without considering the actual facts at play. In a declaratory judgment action, Courts must consider not merely the language of the policy, but also the intent of the parties, the subject matter of the policy, and the circumstances surrounding its issuance in order to implement the reasonable expectations of the insured. See *Nat'l Union Fire Ins. Co. of State of Pa,. v. Reno's Executive Air, Inc*., 100 Nev. 360 (1984); *Sullivan v. Dairyland Ins. Co*., 98 Nev. 364 (1982).

Federal Rules of Civil Procedure 56 ("Rule 56") must be construed "with due regard… for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury." *Celotex Corp.*, 477 U.S. at 327. Summary judgment

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1   is proper only after there is an adequate opportunity for discovery. *Id.* at 326. This is particularly

2   true when evidence is presented by a moving party in support of summary judgment on matters

3   exclusively within their possession or based on their knowledge and there has not been an

4   adequate opportunity to conduct discovery on those matters. *See Anderson*, 477 U.S. at 257. In

5   fact, "where the facts are in possession of the moving party a continuance of a motion for

6   summary judgment for purposes of discovery should be granted as a matter of course."

7   *International Raw Materials, Ltd. V. Stauffer Chem. Co.*, 898 F.2d 946, 949 (3d 1990) (internal

8   quotation marks omitted).

9       The intent of the parties, subject matter of the policy, and circumstances surrounding its

10  issuance are all facts at issue which require discovery and expert witness opinions. Here, there

11  are facts at issue which are in dispute. Defendant Bender is entitled to submit expert witness

12  opinions and other discovery supporting his position.

13      The evidence submitted in support of the Plaintiff's motion for summary judgment clearly

14  raises genuine issues of material fact that precludes entry of summary judgment in Plaintiff's favor

15  – particularly given that the vast majority of Plaintiff's evidence is information exclusively within

16  its knowledge and submitted via declaration from persons who have not been deposed are directed

17  to issues upon which discovery has not been conducted. Entry of summary judgment is

18  inappropriate under such circumstances. *See Anderson*, 477 U.S. at 257. As such, Defendant

19  Eric Bender is being "railroaded" by an unquestionably premature motion for summary

20  judgment.[1] *See Celotex Corp.*, 477 U.S. at 326.

21  ////

---

[1] Defendant Eric Bender will be filing a separate request for an opportunity to conduct discovery on these issues under Federal Rules of Civil Procedure 56(d). Such a request need not be filed concurrently with this opposition but must be made prior to any hearing on the motion for summary judgment. *See Aston-Tate Corp. v. Ross*, 916 F.2d 516 (9th Cir. 1990).

1

**VI.    CONCLUSION**

2       Based upon the foregoing, Defendant respectfully requests this Court Deny Plaintiff's

3  Motion for Summary Judgment.

4       DATED this 20st day of March 2024.

5

6                                            LAW OFFICES OF KEVIN R. HANSEN

7                                            */s/ Sean Hoeffgen, Esq.*
                                             Kevin R. Hansen, Esq.
8                                            Nevada Bar No. 6336
                                             Amanda A. Harmon, Esq.
9                                            Nevada Bar No. 15930
                                             Sean Hoeffgen, Esq.
10                                           Nevada Bar No. 6682
                                             2625 S. Rainbow Blvd., Ste. C-106
11                                           Las Vegas, Nevada 89146
                                             T: (702) 478-7777
12                                           F: (702) 728-2484
                                             *Attorneys for Defendant Eric G. Bender*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd. Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that I am an employee of THE LAW OFFICES OF KEVIN R. HANSEN, and on the 20th day of March 2024, the foregoing **DEFENDANT ERIC G. BENDER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served via Pacer electronic service and/or e-mail addressed to:

Amy M. Samberg, Esq.
Nevada Bar No.: 10212
Email: amy.samberg@clydeco.us
Dylan P. Todd, Esq.
Nevda Bar No. 10456
Email: dylan.todd@clydeco.us
CLYDE & CO US LLP
7251 W. Lake Mead Blvd., Ste. 430
Las Vegas, NV 89128
*Attorneys for Plaintiff*

*/s/ Alex Gomez*
An Employee of Law Offices of Kevin R. Hansen

# EXHIBIT A

# EXHIBIT A



December 19, 2023

Clyde & Co LLP
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
Telephone: +1 725 248 2900
Facsimile: +1 725 248 2907
Dylan.Todd@clydeco.us
www.clydeco.com

**VIA EMAIL & US MAIL**

Kevin R. Hansen, Esq.
2625 S. Rainbow Boulevard, Suite C-106
Las Vegas, NV 89146
kevin@kevinrhansen.com

       Re:    *Safety National Casualty Corp. v. Eric Bender, et al.*
                 Request for Rule 30(b)(6) Witness(es)

Dear Mr. Hansen,

      We are in receipt of your December 6, 2023, letter in which you indicate that you would like to take the FRCP 30(b)(6) /custodian of records deposition of Safety National Casualty Corp. ("Safety National") witness(es) on what appears to be a total of seventeen (17) different topics, none of which are actually related to the subject matter of this lawsuit.

      As outlined in detail below, Safety National objects to each and every topic listed in your December 6, 2023, letter. These topics are outside the scope of this lawsuit and therefore constitute impermissible discovery under the Federal Rules of Civil Procedure. Subject to the various objections outlined below, Safety National will not agree to produce a Rule 30(b)(6) witness for any of the listed topics. Safety National's position is provided below.

**I.**     **Scope of Permissible Discovery Under Federal Law**

      In order for non-privileged information to fall within the scope of allowable discovery, two (2) elements must be established: (1) the sought information is "relevant to any party's claim or defense" and (2) it is "proportional to the needs of the case." Rule 26(b)(1); 26(b)(2)(C)(iii).

      This is a lawsuit filed by Safety National to determine whether insurance coverage is afforded to Xavier Summers or Owen Hunnel under the terms, conditions, language, and exclusions of the Safety National insurance policy ("Policy"). The only cause of action in this lawsuit is for declaratory relief under the Policy. Nevada law is clear that the interpretation of an insurance contract is a question of law for the Court to determine based on the words in the of the insurance policy itself. *Starr Surplus Lines Ins. Co. v. Eighth Judicial Dist. Court*, 535 P.3d 254, 267 (2023) (Stating that determining meaning of a term in an insurance policy is "a question of law."). The Policy has already been produced and the requested topics appear to be nothing more than a fishing expedition which is prohibited under Nevada federal law. *United States v. Prabhu*, 163 F.R.D. 340, 343 (D. Nev. 1995)

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Denver, Las Vegas, Los Angeles, Miami, New Jersey, New York, Orange County, Phoenix,
San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

Kevin R. Hansen
December 19, 2023
Page 2



## II.    **Impermissible Deposition Topics**

Each and every enumerated topic in your December 6, 2023, letter is impermissible and subject to multiple objections.  In addition to the general objection that they are vague, ambiguous and overly broad, each of the topics (to the extent they are actually understood) appear to seek information that is outside the scope of this lawsuit and wholly disproportionate to the needs of this case.  Several of these topics also seek confidential business and trade secret information as well as information that is protected by the attorney-client privilege and work product protections.  Other topics seek legal and/or expert testimony which is not permitted of a Rule 30(b)(6) fact witness.

These topics have been broken down into the following categories: a) insurance policy-related topics; b) claim handling topics; c) financial information topics; and d) legal topics.  Objections to each of the topics identified by these categories are provided below:

### A.    *Insurance Policy-Related Topics*

Topics 1, 2 and 11 appear to seek the contents of the Policy itself.

1.    The policy for insurance coverage of Wendy's of Colorado Springs, Inc. ("Wendy's") under the subject policy, including, but not limited to:  liability coverage, UIM, medical payments, property damage, coverage of employees, etc.

2.    Coverage under the subject policy for Wendy's employees, acts of employees, and any exclusions and exceptions to coverage.

11.    The amount of Safety National Casualty Corp.'s aggregate policy limits available to pay a judgment obtained in this lawsuit.

<u>*Response to these topics*</u>:

Safety National has produced a true and correct copy of the Policy which is attached to the Complaint (ECF No. 1) and also identified in its Rule 26 Initial Disclosures.  The document speaks for itself.  There is no need to produce a witness to identify the insurance policy.  Under no rational basis would it be proportional to the needs of this case to produce a corporate witness to read the policy into a deposition record or to point out the coverage limits as stated in the Policy' Declarations.   As such, the topics are outside the scope of this litigation and not proportional to the needs of the case as required by Rule 26 and are objected to on those grounds.  They are also objectionable on the grounds that they are overly burdensome, harassing and oppressive.

Moreover, Safety National's coverage position is set forth in its Complaint (ECF No. 1). To the extent that these topics seek testimony regarding a legal position, those topics are also

Kevin R. Hansen
December 19, 2023
Page 3



objected to on the grounds that legal and/or expert testimony is outside the scope of a Rule 30(b)(6) fact witness. Safety National further objects to the extent these topics seek testimony regarding information that is covered by the attorney-client privilege and/or work product protection.

### B.    *Claim Handling Topics*

Topics 3, 4, 6, 7, 12, 13, 14, 15, and 16 all relate to claim handling.

3.    The reserves and case valuation, the dates and amount of each offer made to Eric G. Bender, or his counsel, control of the case and defense of the claims against Wendy's (aka WeNevada, LLC) and its employees, Xavier Summers and Owen Hunnel.

4.    Recommendations, approval or decisions to accept, deny or make offers to Eric G. Bender on his claim.

6.    Training, procedures, and instructions used for evaluation of claims, including any explanation of software used by Safety National Casualty Corp. for evaluating claims.

7.    The name of each entity that was involved in handling the investigation of Mr. Bender's claim.

12.    Explain the obligations, duties and responsibilities of Safety National Casualty Corp. to its insureds when evaluating a claim for coverage in the State of Nevada for the period of August 27, 2021 to present.

13.    Explain the methodology used to evaluate the claims of Eric G. Bender for pain and suffering, medical payments, property damage, and all other evaluations performed on this claim, from the first evaluation to the present, including any recorded statements taken from any person with knowledge of this incident.

14.    Explain how claims are evaluated for the purpose of setting the reserves and determining the valuation of the claim.

15.    Explain policies and procedures for making available research materials for medical resources to adjusters for assistance in evaluating and adjusting personal injury claims. This includes tools, resources, websites or other sources of information that are made available to the adjusters for the same purpose.

Kevin R. Hansen
December 19, 2023
Page 4



    16.    Explain how ISO searches on claimant was performed and how same are used by adjusters in evaluating a given claim.

*Response to these topics:*

Each of the above topics deal with aspects of claim handling, both in general and in specific to this claim. However, Safety National's claim handling procedures are not at issue in this lawsuit. The declaratory judgment cause of action does not implicate claim handling in any way. The only issue before this Court is whether the terms, conditions, language and exclusions of the Policy afford coverage to Xavier Summers and Owen Hunnel. As such, the topics are outside the scope of this litigation and not proportional to the needs of the case as required by Rule 26 and are objected to on those grounds. They are also objectionable on the grounds that they are overly burdensome, harassing and oppressive.

These topics also seek information regarding confidential, trade secret, and/or proprietary business information and processes, and are further objected to on those grounds. Safety National further objects to the extent these topics seek testimony regarding information that is covered by the attorney-client privilege and/or work product protection.

    **C.**    ***Topics Seeking Financial Information***

Topics 5 and 17 seek financial information about Safety National and its employees. T

    5.    The net worth, revenue, profits of Safety National Casualty Corp. and its subdivisions for each of the last five (5) fiscal years according to GENERAL ACCEPTED ACCOUNTING PRINCIPLES (GAAP).

    17.    Explain the process by which adjusters are paid, including bonus, rewards, perks, etc., as well as how adjusters are promoted to higher claims handling positions. (i.e. Claims Specialist I to Claims Specialist II, etc.)

*Response to these topics:*

These topics seek information that is in no way relevant to this lawsuit. Neither Safety National's financial condition nor the process by which it compensates its employees relate in any way to the sole issue of whether the terms, conditions, language and exclusions of the Policy afford coverage to Xavier Summers and Owen Hunnel. As such, the topics are outside the scope of this litigation and not proportional to the needs of the case as required by Rule 26 and are objected to on those grounds. They are also objectionable on the grounds that they are overly burdensome, harassing and oppressive.

Kevin R. Hansen
December 19, 2023
Page 5



These topics also seek information regarding confidential, trade secret, and/or proprietary business information and processes, and are further objected to on those grounds.

### D.    Topics Seeking Legal Opinions

Topics 8, 9, 10, and 12 request legal positions and/or opinions regarding causes of action that are not included in this lawsuit.

8.    The identity of each person advising Safety National Casualty Corp. that it did not violate the Unfair Claims Practices Act in handling of the claim against Wendy's and each Wendy's employee, and each witness's name, employer, and last known address.

9.    Explain Safety National Casualty Corp.'s position that it did not violate the covenant of good faith and fair dealing in the handling of the claim against Wendy's and its employees, Xavier Summers and Owen Hunnel.

10.    Explain Safety National Casualty Corp.'s position that it did not violate the insurance contract in the handling of the claim against Wendy's and its employees, Xavier Summers and Owen Hunnel.

12.    Explain the obligations, duties and responsibilities of Safety National Casualty Corp. to its insureds when evaluating a claim for coverage in the State of Nevada for the period of August 27, 2021, to present.

<u>*Response to these topics:*</u>

These topics seek information that is in no way relevant to this lawsuit.   This is a lawsuit commenced by Safety National for declaratory relief on the sole issue of whether the terms, conditions, language and exclusions of the Policy afford coverage to Xavier Summers and Owen Hunnel.  As such, any information relating to the Unfair Claims Practices Act or the covenant of good faith and fair dealing have no bearing in this lawsuit.  As such, the topics are outside the scope of this litigation and not proportional to the needs of the case as required by Rule 26 and are objected to on those grounds.  They are also objectionable on the grounds that they are overly burdensome, harassing and oppressive.

These topics also appear to seek testimony regarding a legal position, and as such are objected to on the grounds that legal and/or expert testimony is outside the scope of a Rule 30(b)(6) fact witness.  Safety National further objects to the extent these topics seek testimony regarding information that is covered by the attorney-client privilege and/or work product protection.

Kevin R. Hansen
December 19, 2023
Page 6



**III.**    **Conclusion**

As outlined above, each of the seventeen (17) topics listed in your December 6, 2023, letter constitute impermissible discovery under FRCP 26.  The topics are either irrelevant and/or are disproportionate to the needs of the case.  This is a declaratory judgment action regarding insurance coverage and nothing more.  Furthermore, several of your topics seek information regarding confidential, trade secret, and/or proprietary business information and processes, impermissible legal and/or expert opinion testimony, or information that is protected by the attorney-client privilege and work product protections.  Given the absence of any threshold relevance, Safety National will not agree to produce any witness to testify as to any of the topics listed in your December 6, 2023, letter.

If you feel that I have misunderstood any of your requested topics and/or you wish to discuss this matter further, please do not hesitate to contract me.

Very sincerely,

*Dylan Todd*

Dylan Todd

# EXHIBIT B

# EXHIBIT B

4880 - WEN - WOCS - Las Vegas - 4880
1131 W Sunset Rd.

## Edited Punches Report
### 08/27/2021

Page 1 of 1
05/26/2022 -- 1:54 PM
14.2.63.0

| Emp # | Name | Date | Jobcode | Time In | Time Out | | Manager | Edited Date/Time |
|-------|------|------|---------|---------|----------|------|---------|------------------|
| 111 | campbell, alea | 08/27/2021 | Crew | 11:03 | 17:48 | Pre | Stewart, La'Nia | |
| 111 | campbell, alea | 08/27/2021 | Crew | 11:03 | 14:00 | Edit | Stewart, La'Nia | 08/27/2021 17:48 |
| 113 | wimberly jr, william | 08/27/2021 | Crew | 9:45 | 17:48 | Pre | Stewart, La'Nia | |
| 113 | wimberly jr, william | 08/27/2021 | Crew | 9:45 | 14:00 | Edit | Stewart, La'Nia | 08/27/2021 17:48 |
| 315 | Baker, Antoinette | 08/27/2021 | General | 7:16 | 17:48 | Pre | Stewart, La'Nia | |
| 315 | Baker, Antoinette | 08/27/2021 | General | 7:16 | 14:00 | Edit | Stewart, La'Nia | 08/27/2021 17:49 |
| 317 | summers, xavier | 08/27/2021 | Crew | 12:28 | 17:49 | Pre | Stewart, La'Nia | |
| 317 | summers, xavier | 08/27/2021 | Crew | 12:28 | 13:00 | Edit | Stewart, La'Nia | 08/27/2021 17:49 |
| 336 | hunnel, owen | 08/27/2021 | Crew | 6:25 | 14:39 | Pre | | |
| 336 | hunnel, owen | 08/27/2021 | Crew | 6:25 | 13:00 | Edit | Stewart, La'Nia | 08/27/2021 17:49 |

***************************** End of Report *****************************

# EXHIBIT C

# EXHIBIT C

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMANDA A. HARMON, ESQ.
Nevada Bar No. 15190
SEAN HOEFFGEN, ESQ.
Nevada Bar No. 6682
**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd., Suite C-106
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amandah@kevinrhansen.com
*Attorneys for Defendant*
*Eric Bender*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SAFETY NATIONAL CASULTY CORP.,<br><br>           Plaintiff,<br><br>vs.<br><br>ERIC G. BENDER, an Individual, OWEN HUNNEL, an Individual; and XAVIER SUMMERS, an Individual;<br><br>           Defendants. | Case No.:  2:23-cv-00437-CDS-VCF<br><br>__DECLARATION OF SEAN HOEFFGEN IN SUPPORT OF FENDANT ERIC G. BENDER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT__ |

## DECLARATION OF SEAN HOEFFGEN

I, Sean Hoeffgen, declare and state as follows;

1.  I am an associate attorney with the Law Offices of Kevin R. Hansen, counsel for the Defendant Eric Bender.

2.  I submit this declaration in support of Eric G. Bender's Opposition to Plaintiff's Motion for Summary Judgment.

3.  I have personal knowledge of the facts contained in this declaration.  I can competently testify to these facts if called as a witness in these proceedings.

1

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

4. Attached to Eric G. Bender's Opposition to Plaintiff's Motion for Summary Judgment are 3 exhibits, labeled as **Exhibit A** through **E**.

5. **Exhibit A** is a true and correct copy of the Letter from Dylan Todd in response to Bender's Notice of Taking Deposition pursuant to NRCP 30(b)(6).

6. **Exhibit B** is a true and correct copy of the Edited Punches Report provided by Wendy's.

7. **Exhibit C** is a true and correct copy of the Declaration of Sean Hoeffgen, Esq.

8. **Exhibit D** is a true and correct copy of the Declaration of Eric G. Bender.

9. **Exhibit E** is a true and correct copy of the Findings of Facts, Conclusions of Law and Judgment After Bench Trial from the Underlying Lawsuit in in District Court Case No. A-22-854381-C.

10. Our office has propounded written discovery to the Plaintiff and its attorneys of record. That in its response to said written discovery, the Plaintiff and its attorneys have objected to the written discovery and have never provided any meaningful discovery responses.

11. That Defendant had sent notice to set a Rule 30(b)(6) deposition of a person most knowledgeable from the Plaintiff and set forth seventeen (17) issues to be addressed in said deposition.

12. That the Plaintiff and its attorneys objected to setting the deposition and stating that the issues proposed by the Defendant were not relevant to the instant case and the Plaintiff was not going to provide a witness to be deposed.

13. That Defendant sent a second set of written discovery and as of today's date the Defendant has not received any responses to said discovery.

14. That the Court has granted on two occasions additional time for discovery to be completed, but that to date there has been no meaningful discovery completed at no fault of Defendant Eric Bender.

15. That receiving meaningful discovery responses to our written discovery requests and having the opportunity to depose a person most knowledgeable of the Plaintiff's investigation into the original claim would be vital and critical to the Defendant Eric Bender's position that there should be insurance coverage for his injuries.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 20, 2024 in Las Vegas, Nevada.

*/s/ Sean Hoeffgen*_____
Sean Hoeffgen

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

# EXHIBIT D

# EXHIBIT D

KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
AMANDA A. HARMON, ESQ.
Nevada Bar No. 15930
SEAN HOEFFGEN, ESQ.
Nevada Bar No. 6682
**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd., Suite C-106
Las Vegas, Nevada 89146
Tel: (702) 478-7777
Fax: (702) 728-2484
kevin@kevinrhansen.com
amandah@kevinrhansen.com
*Attorneys for Defendant*
*Eric Bender*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAFETY NATIONAL CASULTY CORP., | Case No.: 2:23-cv-00437-CDS-VCF |
| Plaintiff, | |
| vs. | **DECLARATION OF ERIC BENDER IN SUPPORT OF FENDANT ERIC G. BENDER'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| ERIC G. BENDER, an Individual, OWEN HUNNEL, an Individual; and XAVIER SUMMERS, an Individual; | |
| Defendants. | |

**DECLARATION OF ERIC BENDER**

I, Eric Bender, declare and state as follows;

1.  I am the Defendant named in this case.

2.  I have personal knowledge of the facts contained in this declaration.  I can competently testify to these facts if called as a witness in these proceedings.

3.  I was the victim of a shooting on August 27, 2021, that was committed by Defendants Owen Hunnel and Xavier Summers.

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1

LAW OFFICES OF KEVIN R. HANSEN
2625 S. Rainbow Blvd, Suite C-106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

4.  I was a lawful patron of the Terrible Herbst's gas station located at 1101 W. Sunset Road, Henderson, Nevada 89104 on August 27, 2021.

5.  There was a Wendy's restaurant located at 1131 W. Sunset Road, Henderson, Nevada, which is next door to the gas station that I was at on August 27, 2021.

6.  While I was pumping gas, I saw two men who were in Wendy's uniforms who were coming from the Wendy's restaurant approach me and two of my friends.  I noticed that one of the men had a gun on his waistband.

7.  The two men initiated a verbal confrontation with me and then it turned physical when one of the men attacked me.  The other man approached one of my friends and placed a gun on the back of her head and fired a shot, injuring her.

8.  The man with the gun then approached me and pressed the gun against my back and fired a shot at me and causing me injuries.

9.  I later learned that the men who approached me and attacked me physically and shot me were Defendants Owen Hunnel and Xavier Summers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 20, 2024 in Las Vegas, Nevada.

/s/ Eric Bender
Eric Bender

2

# EXHIBIT E

# EXHIBIT E

Electronically Filed
12/14/2023 12:10 PM

*[signature]*

CLERK OF THE COURT

1  **FFCL**
   **KEVIN R. HANSEN, ESQ.**
2  Nevada Bar No. 6336
   **AMANDA A. HARMON, ESQ.**
3  Nevada Bar No. 15930
   **LAW OFFICES OF KEVIN R HANSEN**
4  2625 S. Rainbow Blvd., Ste. C-106
   Las Vegas, Nevada 89146
5  Tel: (702) 478-7777
   Fax: (702) 728-2484
6  kevin@kevinrhansen.com
   amandah@kevinrhansen.com
7  *Attorneys for Plaintiff*

8

9                          **DISTRICT COURT**

10                    **CLARK COUNTY, NEVADA**

11

12  ERIC G. BENDER, an Individual;        | Case No.: A-22-854381-C
                                          | Dept No.: VIII
13              Plaintiff,

14  vs.

15  WENEVADA LLC, a Domestic Limited
    Liability Company, d/b/a WENDY'S; OWEN
16  HUNNEL, an Individual; XAVIER
    SUMMERS, an Individual; DOES I through X;
17  and ROE BUSINESS ENTITIES I through X,
    inclusive,
18

19              Defendants.

20          **FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT**
21                       **AFTER BENCH TRIAL**

22          The above-entitled matter, having come on for a bench trial before the Court with the

23  Honorable Jessica Peterson, District Court Judge, presiding, on November 28, 2023, at the hour

24  of 10:00 a.m., Plaintiff represented by Kevin R. Hansen, Esq. of the Law Office of Kevin R.

25  Hansen, and the Court having reviewed the pleadings on file herein, having heard the testimony

26  of the Plaintiff, having taken testimony and having heard the argument of counsel, and good cause

27  appearing therefore, the Court finds as follows:

28

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

# I.

## <u>PROCEEDCURAL HISTORY OF THIS MATTER</u>

THE COURT HEREBY FINDS THAT:

1.      Plaintiff ERIC G. BENDER (hereinafter, "BENDER") filed his Complaint against Defendants WENEVADA LLC, OWEN HUNNEL and XAVIER SUMMERS on June 21, 2022 alleging Negligence, Assault, Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Respondeat Superior and Negligent Supervision.

2.      Defendants were served with the Summons and Complaint.

3.      Defendant Hunnell was served with the Summons and Complaint on June 28, 2022.

4.      Defendant Summers was served with the Summons and Complaint on June 29, 2022.

5.      Defendant HUNNEL filed an Answer to the Complaint on July 5, 2022.

6.      Defendant SUMMERS filed an Answer on July 20, 2022.

7.      Defendant WENEVADA, LLC filed a motion to dismiss on July 15, 2022.

8.      On September 24, 2022 the court entered an order granting Defendant WENEVADA, LLC's motion to dismiss.

9.      On January 25, 2023 the court entered an order granting Defendant WENEVADA, LLC's motion for NRCP 54(b) certification of the order granting Defendant WENEVADA, LLC's motion to dismiss

10.      On February 22, 2022 the Plaintiff filed an appeal of the court's order granting Defendant WENEVADA, LLC's motion to dismiss.

11.      On June 16, 2023 Plaintiff filed a motion for partial summary judgment against Defendants HUNNEL and SUMMERS.

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

12.     On August 2, 2023 the court entered an order granting Plaintiff's motion for partial summary judgment against Defendants HUNNEL and SUMMERS finding the Defendants HUNNEL and SUMMERS liability to the Plaintiff on the issues of Duty and Breach only:

13.     On September 9, 2023 the Court issued and Order Setting Trial on a 5-week stack commencing October 23, 2023 which order was served by the Court on all the parties.

14.     On October 23, 2023 the Court ordered the bench trial of this matter to commence November 28, 2023 at 10 am.

## II.

## **FINDINGS OF FACT**

THE COURT HEREBY FINDS THAT:

15.     On or about August 27, 2021, Plaintiff was a lawful patron at a Terrible Herbst gas station located at 1101 W. Sunset Road, Henderson, Nevada 89014. As Plaintiff was filling up his vehicle with gas, Defendant Hunnel and Defendant Summers, wearing Wendy's uniforms, exited Defendant Wendy's, located at 1131 W. Sunset Road, Henderson, Nevada 89014, directly next door to the Terrible Herbst gas station.

16.     Defendant Hunnel and Defendant Summers approached Plaintiff and his two friends, Kimberly Copeland and Ronda Williams. As Defendant Hunnel and Summers approached Plaintiff, Plaintiff noticed the imprint of a handgun on Hunnel's waistband. Defendants Hunnel and Summers initiated a verbal confrontation with Plaintiff. The verbal confrontation between the parties turned physical. Defendant Summers engaged in a physical confrontation of Plaintiff when Defendant Hunnel approached Ronda Williams, placed a silver handgun to the back of her head and fired a shot.

17.     Next, Defendant Hunnel approached Plaintiff. Defendant Hunnel pressed the handgun against Plaintiff's back, fired and shot Plaintiff, causing Plaintiff to fall to the ground.

Page 3

LAW OFFICES OF KEVIN R. HANSEN
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

18.     Plaintiff Bender went to University Medical Center Trauma where he sought treatment for his significant injuries.

19.     Plaintiff Bender also had two follow up visits with UMC and the total amount of medical specials incurred by Plaintiff Bender at UMC is $123,127.50.

20.     While at UMC Plaintiff Bender was given imaging relating to his treatment by Desert Radiology Solutions for which he was incurred special damages in the amount of $1,405.00

21.     On release from UMC Plaintiff Bender was transferred to the Encompass Health Rehabilitation Hospital where he received further treatments for his injuries.  Plaintiff Bender incurred medical specials in the amount of $12,132.48 at the Encompass Health Rehabilitation Hospital.

22.     Plaintiff Bender received further medical treatment related to his injuries at Orthopaedic Specialists of Nevada.   Plaintiff Bender incurred medical special damages in the amount of $7,560.02 at Orthopaedic Specialists of Nevada.

23.     Treatments set forth above were reasonable and necessary and caused by the actions of the Defendants HUNNEL and SUMMERS.

24.     Medical special damages incurred for the treatment of Plaintiff's injuries in the total amount of $144,225.00 were caused by the actions of the Defendants HUNNEL and SUMMERS.

### III.

### **CONCLUSIONS OF LAW**

Based upon the Findings of Fact, THE COURT CONCLUDES:

Plaintiff ERIC G. BENDER is granted monetary damages from the Defendants OWEN HUNNEL and XAVIER SUMMERS, jointly and severally in a sum outlined below as to each of his causes of actions for 1) Negligence; 2) Assault; 3) Battery; 4) Intentional Infliction of Emotional Distress; and 5) Negligence Infliction of Emotional Distress:

**LAW OFFICES OF KEVIN R. HANSEN**
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

1. **Defendants Hunnel and Summers are liable for negligence because they owed Plaintiff BENDER a duty of care, breached that duty, the breach was the legal cause of his injuries, and he suffered damages.**

A defendant is liable for negligence when the defendant owed a duty of care to plaintiff; defendant breached that duty; the breach was the legal cause of plaintiff's injuries; and plaintiff suffered damages. *Sadler v. PacifiCare of Nev.,* 340 P.3d 1264 (Nev. 2014); *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.,* 282 P.3d 727 (Nev. 2012); *Scialabba v. Brandise Construction Co.,* 112 Nev. 965 (1996). Emotional distress can be an element of damage recovered by a direct victim in a negligence cause of action. *Shoen v. America, Inc.,* 111 Nev. 735 (1995).

On the date of the incident, the Defendants and each of them owed the Plaintiff a duty to act like a reasonably prudent person. A reasonably prudent person does not allow a firearm to be discharged into another person. Defendants and each of them breached his duty to act like a reasonably prudent person when the Defendants shot the Plaintiff.

The Defendants and each of them caused Plaintiff to suffer damages. The Plaintiff experienced great physical pain and suffering and will continue to suffer pain and suffering for the remainder of his life. The incident was very traumatic and frightening for Plaintiff. He has suffered significant trauma, fear, anxiety, worry, and emotional distress all of which have detracted from his quality of life. In addition, Plaintiff has suffered permanent injury to his leg from the gunshot wound.

2. **Defendants are liable for assault because they caused Plaintiff BENDER to feel apprehension of harmful or offensive contact.**

A defendant is liable for assault when he or she caused plaintiff to feel apprehension of harmful or offensive contact. *Olivero v. Lowe,* 116 Nev. 395 (2000). Assault does not require physical impact and is in and of itself a predicate for an award of nominal or compensatory damages without proof of serious emotional distress. *Id.* The standard of proof for emotional

distress damages arising from assault and battery is not as stringent as the standard of proof requirement for bare claims of intentional or negligent infliction of emotional distress. *Id.* Lack of consent is an essential element of a civil action for damages for assault and battery. *Wright v. Starr,* 42 Nev. 441 (1919).

Here, the Defendants as set forth above physically attacked the Plaintiff which culminated in the Defendant Hunnell shooting the Plaintiff.

The Defendants are liable for assault because they caused Plaintiff BENDER to feel apprehension of harmful or offensive contact. Throughout the entire incident, Plaintiff felt apprehensive of harmful and offensive contact from the Defendants. Plaintiff was terrified from the moment the Defendants left the Wendy's Restaurant and moved toward him.

The Defendants and each of them caused Plaintiff to suffer damages. The Plaintiff experienced great physical pain and suffering and will continue to suffer pain and suffering for the remainder of his life.  The incident was very traumatic and frightening for Plaintiff. He has suffered significant trauma, fear, anxiety, worry, and emotional distress all of which have detracted from his quality of life.  In addition, Plaintiff has suffered permanent injury to his leg from the gunshot wound.

### 3.  <u>Defendants are liable for battery because they intended to cause a harmful or offensive contact with Plaintiff BENDER and they came into harmful contact with Plaintiff BENDER.</u>

A defendant is liable for battery if (a) he acts intending to cause a harmful or offensive contact with another person, and (b) a harmful contact with the other person directly or indirectly results. Restatement (Second) of Torts § 13 (1965). A physical impact provides the objective predicate for personal injury and emotional distress recovery in connection with a battery claim. *Olivero v. Lowe,* 116 Nev. 395 (2000). The standard of proof for emotional distress damages arising from assault and battery is not as stringent as the standard of proof requirement for bare

LAW OFFICES OF KEVIN R. HANSEN
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

LAW OFFICES OF KEVIN R. HANSEN
2625 S Rainbow Blvd., Suite C106
Las Vegas NV 89146
Tel (702) 478-7777 Fax (702) 728-2484

claims of intentional or negligent infliction of emotional distress. *Id.* Lack of consent is an essential element of a civil action for damages for assault and battery. *Wright v. Starr,* 42 Nev. 441 (1919).

As set forth above, the attack on the Plaintiff by the Defendants resulted in both Defendants physically attacking and contacting the Plaintiff with the Defendant Hunnell ultimately shooting the Plaintiff.

The Defendants are liable for battery because they intended to cause a harmful or offensive contact with Plaintiff BENDER and came into harmful contact with Plaintiff.

The Defendants and each of them caused Plaintiff to suffer damages. The Plaintiff experienced great physical pain and suffering and will continue to suffer pain and suffering for the remainder of his life. The incident was very traumatic and frightening for Plaintiff. He has suffered significant trauma, fear, anxiety, worry, and emotional distress all of which have detracted from his quality of life. In addition, Plaintiff has suffered permanent injury to his leg from the gunshot wound.

### 4. Defendants are liable for intentional infliction of emotional distress because his conduct toward Plaintiff BENDER was extreme, outrageous, without regard for Plaintiff and caused Plaintiff severe and extreme emotional distress.

A defendant is liable for intentional infliction of emotional distress when (1) his conduct was extreme or outrageous with either the intention of, or reckless disregard for causing emotional distress to plaintiff; and (2) plaintiff suffered severe or extreme emotional distress as the actual or proximate result of defendant's conduct. *Franchise Tax Bd. of Cal. v. Hyatt,* 335 P.3d 125 (Nev. 2014); *Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372 (1999); *Miller v. Jones,* 114 Nev. 1291 (1998). Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-A-Car,* 114 Nev. 1 (1998). The standard of proof for emotional distress damages arising

from assault and battery is not as stringent as the standard of proof requirement for bare claims of intentional or negligent infliction of emotional distress. *Olivero v. Lowe,* 116 Nev. 395 (2000). Emotional distress can be an element of damage recovered by a direct victim in a negligence cause of action. Shoen v. America, Inc., 111 Nev. 735 (1995).

The Defendants are liable for intentional infliction of emotional distress because their conduct toward Plaintiff BENDER was extreme, outrageous, without regard for Plaintiff and caused Plaintiff severe and extreme emotional distress. It has been previously established that the Defendants actions throughout the incident were harmful, offensive, and constituted assault and battery to Plaintiff.

The Defendants and each of them caused Plaintiff to suffer damages. The Plaintiff experienced great physical pain and suffering and will continue to suffer pain and suffering for the remainder of his life.  The incident was very traumatic and frightening for Plaintiff. He has suffered significant trauma, fear, anxiety, worry, and emotional distress all of which have detracted from his quality of life.  In addition, Plaintiff has suffered permanent injury to his leg from the gunshot wound.

THE COURT FURTHER CONCLUDES that any Finding of Fact more properly deemed a Conclusion of Law, and any Conclusion of Law more properly deemed a Finding of Fact, shall be so deemed.

**IV.**

**<u>JUDGMENT</u>**

Based upon the Findings of Fact and Conclusions of Law, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff, ERIC G. BENDER, recover from the Defendants, OWEN HUNNEL and XAVIER SUMMERS, jointly

and severally for special damages the sum of $144,225.00.

IT IS HEREBY ORDERED, ADJUGED AND DECREED that the Plaintiff, ERIC G. BENDER, recover from the Defendants, OWEN HUNNEL and XAVIER SUMMERS, jointly and severally for past general damages the sum of $200,000.00.

IT IS HEREBY ORDERED, ADJUGED AND DECREED that the Plaintiff, ERIC G. BENDER, recover from the Defendants, OWEN HUNNEL and XAVIER SUMMERS, jointly and severally for future general damages the sum of $1,500,000.00.

With prejudgment interest thereon on all past damages awarded at the rate provided by the law of 10.25% from July 29, 2022, (date of service of the Summons and Complaint), until November 28, 2023, in the sum of $49,976.28 and court costs in the amount of $2,390.16, for a total judgment amount of $1,896,591.44. Post judgment interest shall accrue on the amount of the entire judgment, $1,896,591.44, at the rate provided by law from the date of entry of this Judgment at 10.25%.

**WHEREFORE, LET EXECUTION ISSUE.**

DATED this _____ day of _____, 2023.

**Dated this 14th day of December, 2023**

_____

DISTRICT COURT JUDGE

**CF9 0D4 380F CF41**
**Jessica K. Peterson**
**District Court Judge**

Respectfully Submitted by:

**LAW OFFICES OF KEVIN R. HANSEN**

*/s/ Kevin R. Hansen*
**KEVIN R. HANSEN, ESQ.**
Nevada Bar No. 6336

**Judgment Amount**

|  | | | |
|---|---|---|---|
| Compensatory Damages | | $344,225.00 | Past Damages |
| Compensatory Damages | | $1,500,000.00 | Futures |
| Pre-Judgment Interest | | $49,976.28 | |
| Costs | | $2,390.16 | |
| | TOTAL JMT | $1,896,591.44 | |

Interest Schedule

| Start Date | End Date | Interest Rate | Days Accrued | Daily Rate | Interest for Period |
|---|---|---|---|---|---|
| 6/29/2022 | 11/28/2023 | 10.25% | 517 | $96.67 | $49,976.28 |

**CSERV**

## DISTRICT COURT
## CLARK COUNTY, NEVADA

Eric Bender, Plaintiff(s)

vs.

Wenevada LLC, Defendant(s)

CASE NO: A-22-854381-C

DEPT. NO.  Department 8

### <u>AUTOMATED CERTIFICATE OF SERVICE</u>

    This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Findings of Fact, Conclusions of Law and Judgment was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 12/14/2023

| | |
|---|---|
| Kevin Hansen, Esq. | kevin@kevinrhansen.com |
| Amanda Harmon, Esq. | amandah@kevinrhansen.com |
| Nadia Abdullah | nabdullah@halljaffe.com |
| Vanessa Anderson | vanderson@halljaffe.com |
| Shayna Ortega-Rose | srose@halljaffe.com |
| Erika Parker | Eparker@halljaffe.com |
| Alex Gomez | alex@kevinrhansen.com |